# EXHIBIT A

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-01184-S5
2/11/2021 5:24 PM
*Tiana P. Garner*
CLERK OF STATE COURT

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DASHA THARPE )
)
     Plaintiff, )
)
v. )
)
GEORGIA CVS PHARMACY LLC, )
CVS PHARMACY INC., and )
WEC 99D-6 LLC )
)
     Defendants. )

CIVIL ACTION
FILE NO. _____21-C-01184-S5_____

## COMPLAINT

COMES NOW Plaintiff in the above-styled action and file this Complaint as follows:

1.

On July 10, 2019, Plaintiff Dasha Tharpe was seriously injured on the premises of the CVS Pharmacy located at 501 Spaulding Road, Montezuma, Georgia 31063, when a large metal gift card display fell on her due the negligence of the Defendants.

2.

At all times mentioned herein, Defendants Georgia CVS Pharmacy LLC, CVS Pharmacy Inc., and WEC 99D-6 LLC owned, operated, controlled, and managed the CVS Pharmacy located at 501 Spaulding Road, Montezuma, Georgia 31063, including the gift card display at issue.

3.

Defendant Georgia CVS Pharmacy LLC is a Georgia limited liability company that is duly registered to conduct business in the State of Georgia and may be served through its registered agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA 30046.

4.

Defendant Georgia CVS Pharmacy LLC has been properly served with process in this action.

5.

Jurisdiction and venue are proper as to Defendant Georgia CVS Pharmacy LLC.

6.

Defendant CVS Pharmacy Inc. is a Rhode Island corporation that is duly registered to conduct business in the State of Georgia and may be served through its registered agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA 30046.

7.

Defendant CVS Pharmacy Inc. has been properly served with process in this action.

8.

Jurisdiction and venue are proper as to Defendant CVS Pharmacy Inc.

9.

Defendant WEC 99-D-6 LLC is a Delaware limited liability company that is duly registered to conduct business in the State of Georgia and may be served through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

10.

Defendant WEC 99-D-6 LLC has been properly served with process in this action.

11.

Jurisdiction and venue are proper as to Defendant WEC 99-D-6 LLC.

2

12.

On July 10, 2019, Plaintiff Dasha Tharpe was an invitee at the CVS Pharmacy located at 501 Spaulding Road, Montezuma, Georgia 31063. As Plaintiff was standing in an aisle at the store, a large freestanding metal gift card display or "endcap" positioned at the end of an aisle fell over due to the negligence of the Defendants and landed on Plaintiff's left leg, knocking her to the ground.

13.

Upon information and belief, the display is approximately five and a half feet tall and is believed to weigh approximately 300 pounds. Defendants negligently and improperly placed the display atop a black box or platform on the floor, raising the display's center of gravity and making it unstable and unreasonably prone to falling over. Further, the display was not secured to a shelf or structural support or otherwise properly anchored. Something then caused the display to topple over without warning due to its instability and unsafe center of gravity.

14.

At or immediately before the time of the incident, something or someone either rattled, bumped, brushed again, shook or otherwise caused the display to topple over. A display which is properly installed, set up, stabilized, and/or anchored would not have toppled over under the circumstances which caused the subject display to topple over. But for Defendants' negligence, the display would not have toppled over.

15.

At all relevant times, Plaintiff was facing away from the gift card display, could not have avoided it, and was not aware the display had begun to fall until it struck her left leg and drove

her to the ground.  At all times, Plaintiff Dasha Tharpe exercised ordinary care and diligence under the circumstances then existing.

16.

The freestanding display fell because it was negligently placed, installed, and set up such that it was unstable and not secured to the shelves, a structural support, or otherwise properly anchored, and negligently elevated off of the floor atop a black box or other unstable platform.

17.

Defendants negligently failed to properly secure, install, anchor, affix, or stabilize the display, or otherwise prevent it from falling over.

18.

As a result of Defendants' negligence, Plaintiff's leg was struck by and/or pinned beneath the heavy display.  Plaintiff was not able to get out from under the display until three people came to her assistance and lifted the display off her.

19.

Upon information and belief, prior to the incident, the manufacturer of the display provided Defendants with a new and more stable gift card display to replace the subject display. However, Defendants negligently continued to utilize the subject gift card display at the CVS.

20.

Upon information and belief, the metal display was negligently placed atop some type of black box or platform CVS used for different applications in the store.  Defendants were negligent in raising the center of gravity of the display and using a box or platform not fit for the purpose for which CVS was using it.  As a result, the display was unsafe, unstable, and fell on Plaintiff.

4

21.

Plaintiff was rushed to the hospital, where medical providers suspected possible nerve damage. Plaintiff was later diagnosed with complex regional pain syndrome, among other serious and permanent medical conditions.

22.

As a result of said injuries, Plaintiff Dasha Tharpe has incurred reasonable and necessary medical and doctor expenses and will continue to incur expenses in the future, in an amount to be proven at trial, and likely exceeding $100,000.00.

23.

The injuries suffered by Plaintiff Dasha Tharpe described herein are continuing and permanent in nature, to include complex regional pain syndrome, nerve damage, allodynia, disc bulging, gait and balance issues, numbness, and decreased mobility.

24.

The injuries sustained by Plaintiff are the direct and proximate result of the negligence of the Defendant. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

25.

At all times mentioned herein, Defendants had exclusive possession, control, and management of the property as well as exclusive possession and control of the metal gift card display, and Defendants had the legal duty to keep its premises and approaches in a state consistent with due regard of the safety of its invitees, including Plaintiff.

26.

Defendants' premises and property were negligently maintained, inspected, and supervised, prior to Plaintiff's injury.

27.

The defective, unstable, and unsafe nature of the large metal gift card display at issue was discoverable by Defendants upon a reasonable inspection.  However, Defendants negligently failed to properly install, inspect, and repair the display.  Defendants' failure to properly install, inspect, and repair the display directly and proximately caused Plaintiff's injuries.

28.

Defendants were negligent in failing to correct, mark, remove, repair, barricade, or warn of the defective and hazardous display at its premises, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff.  Defendants negligently violated state and county building codes and industry standards.

29.

Defendants knew of, or by the exercise of due care for the safety of their invitees including Plaintiff, should have known of the defective and hazardous condition(s) existing on its premises and that the failure to correct, mark, remove, protect and/or repair said condition(s) was likely to result in the precise injuries suffered by Plaintiff.

30.

Defendants had constructive knowledge of the defective and hazardous condition(s) existing on its premises due to the presence of its employees and agents within the immediate area of the hazardous condition, and due to the existence of the condition(s) for an unreasonable period of time.

6

31.

Defendants had actual knowledge of the defective and hazardous condition(s) existing on its premises through the direct knowledge of their employees and agents. Defendants also negligently installed and created the hazard.

32.

Defendants are liable under the doctrine of *res ipsa loquitur* because the injury would not have occurred but for Defendants' negligence, the injury was caused an object within Defendants' exclusive control, Plaintiff did not contribute to the injury in any way, and there was no intervening cause.

33.

Defendants were and are negligent *per se*.

34.

Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to wit:

a) Violation of O.C.G.A. § 51-3-1 by failing to exercise ordinary care to keep the premises safe;

b) Violation of applicable state and county building codes and/or industry standards.

c) In failing to properly correct, mark, remove, inspect, protect, guard, stabilize, repair and/or maintain the premises and display;

d) In failing to warn of latent dangers on the premises;

e) In failing to post warning signs or warning markings;

f) In knowingly allowing invitees to utilize an unsafe area of the premises;

g) In failing to properly train and supervise their employees in regard to the care of said premises;

h) In negligently retaining, entrusting, hiring, training and supervising said employees; and

i) Negligently raising the display's center of gravity by placing it on the aforementioned black box or platform which was not fit for that purpose.

35.

Although Defendants knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to their invitees from said hazardous condition(s) existing on its premises, Defendants negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect its invitees from such condition(s), including Plaintiff.

36.

Defendants negligently maintained said premises and at all times herein mentioned, failed and neglected to correct, mark, remove or repair the premises or to guard against injuries to its invitees, including Plaintiff, although said condition had existed for such a length of time that Defendants, their agents, officers, servants, or employees knew or should have known thereof and the likelihood of injury to persons at said location.

37.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of the Defendants and one or more or all of said herein above stated acts were the proximate causes of the injuries and damages sustained by Plaintiff.

8

38.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and other damages permitted. Plaintiff states her intention to seek all compensatory, general, special, incidental, consequential, punitive and other damages permissible under Georgia law, including, but not limited to the following which were proximately caused by Defendants' negligence:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Past, present, and future lost wages;

d) Past, present and future medical expenses, likely exceeding $100,000.00;

e) Permanent injuries;

f) Disability and disfigurement;

g) Mental anguish and emotional distress;

h) Loss of the capacity for the enjoyment of life;

i) Impaired ability to labor;

j) Incidental expenses;

k) Consequential damages to be proven at trial; and

l) All items of damages recoverable under Georgia law.

39.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants and their agents and employees were willful and wanton and showed

9

an entire want of care, which would raise the presumption of conscious indifference to consequences and/or a specific intent to cause harm.

40.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-11-68(e) and O.C.G.A. § 9-15-14, as well as any other statutory or common law basis.

41.

That each of the foregoing acts and omissions constitute an independent act of negligence on the part of the Defendants, and one or more or all of said herein above stated acts were the proximate causes of the injuries and damages sustained by the Plaintiff.

WHEREFORE, Plaintiff prays for a judgment to be awarded to them and against the Defendants for the following:

1)    Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

2)    Plaintiff be awarded all general, special, compensatory, economic, punitive and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

3)    Plaintiff be awarded damages for lost wages and loss of the capacity to labor;

4)    Plaintiff be awarded punitive damages in an amount to be determined by the enlightened conscience of the jury;

5)    Plaintiff be awarded a trial by jury; and

10

6)   Plaintiff have such other relief as this Court deems just and appropriate under the

circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

This 11th day of February 2021.

Respectfully submitted,

**LAW & MORAN**

*/s/ Brian C. Kaplan*
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Brian C. Kaplan
Georgia Bar No. 644393
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, N.W.
Atlanta, Georgia 30308
(404) 814-3700

11